PER CURIAM.
Rutherford R. Williams appeals the portion of the Court of Appeals for Veterans Claims’ decision determining that there was no clear and unmistakable error (“CUE”) in denying him a disability rating of greater than 20 percent for multiple joint arthritis. Williams v. Principi — Vet.App. -, No. 01-31, slip op. at 6, 2002 WL 31429980 (Vet.App. Sept. 25, 2002) (“Opinion”). We dismiss.[1]
Mr. Williams served on active duty from February 1948 to May 1968. On February 2, 1970, the Regional Office (“RO”) granted service connection for multiple joint arthritis for both knees, rated 10 percent disabling. On April 19, 1978, the RO maintained the 10 percent disability rating *211 for multiple joint arthritis, adding arthritis in the dorsal and lumbar spine as included joints. On November 15, 1983, the RO awarded an increased disability rating of 50 percent from April 6, 1983, for multiple joint arthritis, adding degenerative disc disease in the cervical and lumbar spine. On June 18, 1987, after a medical exam administered by the Department of Veterans Affairs on April 6, 1987, the RO modified Mr. Williams’ disability rating, for the first time assigning separate percentages for each joint, as follows: 20 percent for arthritis and degenerative disc disease in the lumbar spine, 0 percent for arthritis and degenerative disc disease in the cervical spine, and 0 percent for arthritis of the knees.
On December 22, 1987, the Board of Veterans Appeals (“Board”) discontinued its use of separate ratings for each joint and assigned Mr. Williams a combined disability rating for multiple-joint arthritis of 20 percent (i.e., it aggregated the separate ratings without changing them). On April 25, 1989, the Board granted reconsideration of its earlier decision and concluded that it did not involve an obvious error of fact or law and was final.
On September 8, 1995, the RO, apparently reverting to making separate ratings, granted Mr. Williams an increased disability rating, to 10 percent (from 0 percent) for arthritis and degenerative disc disease of the cervical spine. On March 7, 1996, the RO made August 22, 1994, the effective date for the increased disability rating. On March 6, 2000, the RO again raised Mr. Williams’ disability rating, to 30 percent for arthritis and degenerative disc disease of the cervical spine.
Mr. Williams challenged the 1989 denial of his claim of a rating for multiple joint arthritis in excess of 20 percent based on CUE, alleging that the Department had failed to follow its regulations when the RO first assigned separate ratings in June of 1987, and then when the Board restored a single rating in December of 1987. The Board denied his claim, stating:
While the methods used in separately rating the veteran’s arthritic disorders at the time of the June 1987 RO decision may have been improper, as noted by the Board in April 1989, the Board did not continue the RO practice of having three separate ratings. Rather, the Board first determined, separately, the functional impairment due to arthritis of each relevant joint. This was based on the report of the April 1987 VA orthopedic examination report, (then the most recent evidence of record), which revealed normal range of motion of the cervical spine, and moderate overall limitation of motion of the lumbar spine. Thus, the reduction to 20 percent would have occurred regardless of which method of evaluating multiple joint arthritis was employed, inasmuch as the 20 percent rating was the appropriate rating based on the medical findings obtained in April 1987. As indicated in the Board’s decision, because the 50 percent rating for the veteran’s arthritis had been in effect for less than five years at the time of the reduction, the special provisions governing reduction in rating ratings in effect for five years or more were not applicable in this case. See 38 C.F.R. § 3.344 (1986-89).
The Court of Appeals for Veterans Claims affirmed, holding “that the Board’s reasons and bases addressing this argument were adequate, and that the Board’s decision was not arbitrary and capricious.” Opinion at 5.
Mr. Williams argues that the lowering of his disability rating for arthritis of the knees from 50 percent to 20 percent was CUE because it was arbitrary and capri *212 cious[2] but admits that the lowering did not violate any law or regulation.[3] The government argues that we do not have jurisdiction over this appeal because it involves only a factual determination, citing Forshey v. Principi 284 F.3d 1335, 1348 (Fed.Cir.2002) (en banc), superceded by statute on other grounds as stated in Morgan v. Principi, 327 F.3d 1357, 1359-60 (Fed.Cir.2003). The government is correct. 38 U.S.C. § 7292(d)(2), in a portion that was not modified by the recent amendment, provides that unless the decision presents a constitutional issue, this court “may not review (A) a challenge to a factual determination” when reviewing a decision made by the Court of Appeals for Veterans Claims. The determination that there was no CUE in the disability rating is a factual determination, and there is no constitutional issue in this case. Therefore, we lack jurisdiction.
For the foregoing reasons, the appeal is dismissed.
COSTS
No costs.

. Although the Court of Appeals for Veterans Claims remanded some issues to the Board of Veteran’s Appeals, there was a final decision denying Mr. Williams' CUE claim as to multi-pie-joint arthritis, and this claim was sufficiently distinct from the others to be immediately appealable. Elkins v. Gober, 229 F.3d 1369, 1375-76 (Fed.Cir.2000).

. Mr. Williams argues in his brief that the "20% rating confirmed by both the BVA and the CA-VC is arbitrary and capricious, because my rating was not a mere 20% before. If it wasn't simply 20% how could they restore it; something it never was?” (Appellant's Br. at 2) (emphasis in original).

. Mr. Williams admits in his brief that “[t]he statutes and regulations do not apply in this case." (Appellant’s Br. at 1.)